436, (1918).]          Opinion of the Court.

answer to be filed.    The answer on file exhibits a defense to the claim as stated.

The judgment is reversed with a procedendo.

---

## White Haven Council (No. 840) *v.* Wharen, Appellant.

*Practice, C. P.—Affidavit of defense—Beneficial association—Financial secretary—Failure to pay over money—Theft of money from secretary.*

In an action by a beneficial association against its financial secretary to recover moneys collected by the defendant at various meetings between August 19th and September 16th, and not paid over by him to the treasurer as required by the by-laws, an affidavit of defense is insufficient which admits the collections of these amounts and avers that "on or about" September 16th, the office of the defendant was broken into, and the money for which suit was brought, was unlawfully stolen without the knowledge or consent of the defendant, and that the treasurer was not at the meetings when the money was collected, and that the defendant had no opportunity to pay over said money to the treasurer.

Argued March 7, 1918.    Appeal, No. 11, March T., 1918, by defendant, from order of C. P. Luzerne Co., May T., 1916, No. 451, making absolute rule for judgment for want of a sufficient affidavit of defense in case of White Haven Council, No. 840, Jr. O. U. A. M., v. Charles F. Wharen.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit for money had and received.

Rule for judgment for want of a sufficient affidavit of defense.

The court made the rule absolute, filing the following opinion:

The plaintiff's statement claims $63.50, collected by defendant, as its financial secretary, viz: for week ending August 19, 1915, $5; for week ending September 2, 1915, $26.50; for week ending September 9, 1915, $10.50;

for week ending September 16, 1915, $21.50; total, $63.50; which amounts were not paid over by him to the treasurer in accordance with his duty, viz: "To receive all moneys due the council, credit the amounts paid, and pay the same over to the treasurer immediately, if present; if not, at the earliest practical period, taking his receipt for the same."

The affidavit of defense admits the receipt of the money as averred, the defendant's duty to pay, and his failure to do so, but undertakes to excuse the default by the plea that "on or about September 16, 1915, the office of the defendant was broken into by some person or persons unknown to the defendant and the money of the plaintiff, amounting to $63.50, for which this action is taken, was unlawfully stolen by such person or persons without the knowledge or consent of the defendant and against his will; that the treasurer of the plaintiff was not at the meetings of the plaintiff when said money was collected, and the defendant had no opportunity to pay over to the treasurer of the plaintiff said money."

The affidavit also sets up a counter claim of $18.75 on account of salary, which the plaintiff admits, leaving a balance claimed of $44.75, subject to the sufficiency of the above excuse for nonpayment.

In our opinion the excuse is not sufficient.

There is no averment that it would not have been practicable before the alleged theft "on or about September 16, 1915," to pay over money received at sundry different times from the middle of August to the middle of September. "On or about" does not fix the date, which has a material bearing.

There is no attempt to state what care, if any, was bestowed upon the money, nor to explain the apparent carelessness of leaving trust funds exposed in a lawyer's office, instead of being deposited in bank.

Conceding the defendant's contention that he should only be held liable for want of reasonable ordinary care, he has not brought himself within the protection of this

439, (1918).] Opinion of Court below—Opinion of the Court.
contention by the vague and inadequate averments above quoted.

Consequently the rule is made absolute and judgment is entered for the sum of $44.75.

*Error assigned* was the order of the court.

*Chas. F. Wharen,* for appellant.

*B. Frank Myers,* for appellee, filed no printed brief.

PER CURIAM, April 22, 1918:

The judgment in this case is affirmed for the reasons stated in the opinion of the court below, making the rule for it absolute.

---

# Patterson Water Company, Appellant, *v.* Mifflin Borough.

*Water companies—Boroughs—Contract — Supplying water for fire purposes—Severable contract.*

Where a water company contracts in writing to supply a borough for a period of ten years with water for fire purposes, and covenants that the water "shall be brought from such an elevation and force that the same can be used for extinguishing fires without the use of the fire engine within the borough limits," it is not error for the court, in an action by the company against the borough to recover twelve months' rental, to permit the defendant to show that for a portion of the time water had not been furnished at the force specified; and it is also not error for the court to refuse to permit the plaintiff to show that during the continuance of a previous ten-year contract between the company and the borough, the borough had waived the stipulation as to the force of the water to be supplied.

In such a case the court commits no error in instructing the jury that the contract was severable, and that the water company could only recover for the time it actually supplied the water in accordance with the terms of the contract.